Dear Senator Michot:
You have requested an opinion of this Office regarding whether the Louisiana State Board of Embalmers and Funeral Directors (the "Board") has the authority to require that its licensees adhere to continuing education requirements. Currently, such requirements are a condition of the renewal of a license by the Board pursuant to L.A.C. 46:XXXVII.709.
It is axiomatic that regulations cannot extend beyond the authority granted to the regulatory entity by the Legislature.[1]
In the current situation, your question arises because there is a regulatory requirement for continuing education, [2] but no correlative requirement in the enacted law related to the Board.[3] In order to determine whether there is an implicit authority that requires continuing education in the organic legislation of the Board, we have undertaken a review of the organic legislation of the Board. In addition, we have undertaken a review of the law and regulations related to continuing education requirements of more than twenty other State licensing boards and commissions. The language in the organic legislation for these boards and commissions is substantially similar and, in contrast to the Board's organic legislation, it expressly grants the authority to create continuing education requirements.
There is no language in the Board's organic law that appears to implicitly create authority for the Board to mandate continuing education by regulation. In addition, we find no similar language in the law or regulations of other boards that either require or do not require continuing education.[4] In other words, it is the *Page 2 
opinion of this Office that no other State board or commission has found implicit authority to require continuing education where the Legislature had not explicitly so provided.
Accordingly, it is the opinion of this Office that when creating the regulations requiring continuing education, the Board exceeded its statutory authority and that the Legislature did not provide for such requirements by law. This conclusion is not a statement by this Office as to whether those practicing within the professions of funeral directing or embalming should or should not be required to maintain continuing education requirements as a matter of good practice. However, it is the opinion of this Office that no legal requirement for continuing education exists for these professions under Louisiana law nor has any authority to mandate such requirements been granted to the entity that regulates these professions. Should it be found or determined that such a requirement is necessary, then it is the job of the Legislature to clearly provide for such requirements by legislation. The Board can then enact regulations to carry that legislation into effect.
We trust that this response adequately addresses your questions. Should you have any further questions or concerns, please do not hesitate to contact this Office.
 Sincerely, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: _________________________ Ryan M. Seidemann Assistant Attorney General
JDC/RMS/tp
[1] See, Eads Operating Co., Inc. v. Thompson, 93-2155 (La.App. 1 Cir. 10/7/94), 646 So.2d 948; see also, State ThroughLouisiana Riverboat Gaming Com'n v. Louisiana State Police RiverboatGaming Enforcement Division, 95-2355 (La.App. 1 Cir. 8/21/96),694 So.2d 316.
[2] L.A.C. 46:XXXVII.709.
[3] See generally, La.R.S. 37:831, et seq.
[4] In this regard, we note that, whenever a board contains continuing education requirements in its regulations, those requirements are explicitly provided for by statute. Seee.g., La.R.S. 37:145 and L.A.C. 46.1.1315 (statutory and regulatory requirements for continuing education for architects in Louisiana); see also, La.R.S. 37:760 and L.A.C. 46:XXXIII.1601,et seq. (statutory and regulatory requirements for continuing education for dentists in Louisiana).